## STEELE v. PARKER.

</div>

1.  Where a creditor sues his debtor in a justice's court and garnishes a third party, and obtains judgment against the debtor and the garnishee, and the latter pays to a constable the amount of the judgment against him, and the defendant thereupon brings a rule against the constable, alleging that the money paid was exempt from garnishment as it was his daily wages as a laborer, and praying that it be paid over to him, it is not error to make the judgment creditor a party to the rule.

2.  When in the answers of the judgment creditor and of the constable it is stated that they can not, for want of sufficient information, admit or deny that the movant is a day-laborer or that the fund in controversy is exempt from garnishment, the burden of proof is on the movant to establish these facts.   If, instead of doing so, he relies upon the allegations in his rule and the failure of the respondents to positively deny those allegations, and does not traverse their answers, it is not error for the magistrate to award the fund to the judgment creditor.

<div align="center">

Submitted December 15, 1899. — Decided January 31, 1900.

</div>

Petition for certiorari. Before Judge Lumpkin. Fulton superior court. March term, 1899.

*R. J. Jordan,* for plaintiff. *A. R. Bryan,* for defendant.

SIMMONS, C. J. Byther brought suit in a justice's court against Steele, and garnished the latter's employers. He obtained judgment against the defendant, and also judgment by default against the garnishees. The garnishees paid to Parker, a constable, the amount of the judgment against them, and Steele thereupon brought a rule against Parker, alleging that the money paid was exempt from garnishment as it was his daily wages as a laborer, and praying that Parker be required to turn it over to him. The justice of the peace issued a rule nisi against Parker, and ordered that Byther, the judgment creditor, be made a party to the rule. Making the judgment creditor a party was one of the grounds of a petition for certiorari, which the superior court refused to sanction. We agree with the court below that the magistrate did not err in making Byther a party to the rule. As was said by the learned judge of the superior court in refusing to sanction the petition for certiorari, it appeared " that the real contestant was not the officer but the judgment creditor. . . It would be wholly wrong to require an officer who holds a fund to which two persons lay claim to litigate with them separately. . . The constable had a right to have [the judgment creditor] before the court and to be protected by the judgment, as he prayed in his answer." It is the policy of the law in cases of this character to avoid a multiplicity of actions. Where it is possible and proper, it is always best to have all interested parties before the court, and in one action to determine the respective rights of all. This is especially true where one of the parties lays no claim whatever to the fund in controversy but stands rather in the position of a stakeholder in possession of a fund claimed by the others. We therefore think it was not erroneous, but right and proper, that the judgment creditor should have been made a party to the rule.

In the answers of the constable and of the judgment creditor it was stated that they could not, for want of sufficient informa-

tion, admit or deny the allegations of the petition for the rule, that the movant was a day-laborer, or that the fund in controversy was the proceeds of his labor and therefore exempt from process of garnishment; but they prayed that movant be required to make strict proof of these allegations. The other allegations in the answers are not here material. The movant filed no traverse to these answers, and introduced no evidence. He moved that the rule be made absolute against the constable, "on the ground that said constable's answer was insufficient in law and was not a denial of the plaintiff's petition." This motion was refused by the magistrate, who then discharged the rule on the ground that no traverse to the answers had been filed. This was also alleged as error in the petition for certiorari, and it was here contended that the judge of the superior court erred in not sanctioning the certiorari on this ground. We again agree with the lower court and with the magistrate. While it is necessary, where a garnishee sets up that the fund in his hands is exempt from garnishment as the daily wages of a laborer, that such answer should be traversed, this case is entirely different. Here the garnishees set up no such claim, but allowed judgment to go against them by default, and paid over the money to the constable to satisfy that judgment. Subsequently the defendant undertook by rule to recover the money from the constable, alleging that it was exempt from garnishment. The constable and the judgment creditor neither admitted nor denied this in their answers, but asked that strict proof be required. Here then, as was said by the judge in refusing to issue the writ of certiorari, the defendant assumed the position of establishing his claim of recovery. Proceeding by rule, he stood like a plaintiff, and as a plaintiff the burden was on him to establish his claim. To that end he should have traversed the answers of the respondents in the rule. He did not do so, but, instead, relied upon the allegations in his rule and the failure of the answers to deny those allegations positively ; and it was not error to discharge the rule and award the fund to the judgment creditor.

*Judgment affirmed. All the Justices concurring.*